At the time of the execution of the mortgage, Mrs. Townsend was seised in fee of specified parts of the mort *Page 483 
premises. She executed the mortgage without any consideration, and as surety to the bank for the payment by her husband and the Buffalo Car Company of the indebtedness secured to be paid thereby; and the bank had notice that she was a mere surety. The indebtedness for which the plaintiff seeks to enforce the mortgage was represented by ten promissory notes, amounting to upwards of $93,000, each of which was made by the Buffalo Car Company and indorsed by Daniel J. Townsend. Eight of the notes bore date on the 22d January, 1857; one on the 10th March, 1857; and another on 4th April, 1857. On the 15th April, 1857, the bank and the Buffalo Car Company entered into an agreement to extend the time of payment of this indebtedness in such manner that the same should be payable in thirty-three equal monthly payments; the first payment to be made on the 1st June, 1857. Daniel J. Townsend consented to this extension of time to the Buffalo Car Company, and agreed to continue his liability on its notes as indorser; but such time of payment of the indebtedness of the company was extended without the knowledge or consent of the defendant, Jane S. Townsend.
On these facts, the case is a plain one. Mrs. Townsend was merely a surety for the Buffalo Car Company and her husband, and the bank knew it; and when, without her consent, the bank, by a valid and binding agreement, gave time to the principal debtor, those parts of the mortgaged premises of which she was seised in fee were released and discharged from the lien and operation of the mortgage. (Gahn v. Niemcewicz, 11 Wend., 312.) It is not argued by the plaintiff's counsel that this would be otherwise, provided the bank knew, at the time of receiving the mortgage, that Mrs. Townsend had mortgaged her separate property. As to this latter fact, it is said there is not any evidence or finding. I do not think, however, that it was necessary for Mrs. Townsend to have shown affirmatively on the trial that the bank had notice when it received the mortgage that a part of the property embraced therein belonged to her. It must be presumed that a mortgagee is *Page 484 
cognizant of the title to the estate mortgaged, when there is no countervailing testimony.
The judgment of the Superior Court of Buffalo should be affirmed.
Judgment affirmed.